UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAULINA JOVEVSKA, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:21-cv-04761 |
| AMSHER COLLECTION SERVICES, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

### COMPLAINT

NOW comes PAULINA JOVEVSKA ("Plaintiff"), by and through the undersigned, complaining as to the conduct of AMSHER COLLECTION SERVICES, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business within the Northern District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

### PARTIES

1

4. Plaintiff is a 24 year old natural "person," as defined by 47 U.S.C. §153(39), residing in Brookfield, Illinois, which lies within the Northern District of Illinois.

5. Defendant is a third party debt collector that focuses on the collection of "Telecommunication, Cable, Utility, Healthcare, Property Management, Commercial, and Financial Service markets" by utilizing "conventional external scoring analytics and our own proprietary algorithm" to effectuate its collection efforts.[1] Defendant is a corporation organized under the laws of the state of Alabama with its principal place of business located at 4524 Southlake Parkway, Suite 15, Hoover, Alabama.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. The instant action arises out of Defendant's attempts to collect upon a T-Mobile debt ("subject debt") said to be owed by Plaintiff.

9. The services giving rise to the purported subject debt were used by Plaintiff for her personal purposes.

10. Plaintiff was a former customer of T-Mobile's, but she had cancelled her services and owed no remaining balance to T-Mobile.

11. Upon information and belief, after Plaintiff's purported default on the subject debt, the subject debt was placed with Defendant for collection purposes.

---

[1] https://www.amsher.com/

2

12. On or around early March 2021, Defendant began reporting the subject debt on Plaintiff's credit report in an effort to collect the subject debt from Plaintiff.

13. The subject debt was reported as having a balance of $218.

14. Perplexed by the reporting of the subject debt given that she did not owe anything to T-Mobile, Plaintiff contacted T-Mobile regarding the reporting.

15. T-Mobile advised that it had erroneously placed the account with Defendant and advised that it would correct the balance of the subject debt.

16. Plaintiff simultaneously submitted disputes the credit reporting agencies regarding the subject debt, disputes of which Defendant was made aware.

17. Thereafter, on or about March 11, 2021, the subject debt was removed from Plaintiff's credit reports.

18. Plaintiff thought the issue was resolved.

19. However, on or around early September 2021, Plaintiff again noticed the subject debt being reported on her credit reports by Defendant in the amount of $218.

20. Despite Defendant's knowledge that the subject debt was actively disputed by Defendant, Defendant failed to report the subject debt as being disputed when it re-reported in early September 2021.

21. Plaintiff contacted Defendant to inquire about why the subject debt was again appearing on her credit, but Plaintiff was told by Defendant that she needed to speak with their lawyer, Maury Cobb.

22. Plaintiff became extremely distressed and concerned that the subject debt was seemingly being considered for legal proceedings despite her not owing the subject debt.

23. As a result of Defendant's re-reporting of the subject debt on Plaintiff's credit reports in September, Plaintiff was denied a credit limit increase on her credit card.

24. Plaintiff suffered further concrete harm as a result of Defendant's conduct including but not limited to emotional distress, lost time submitting disputes, lost time monitoring her credit files for inaccurate information, adverse credit actions, being subjected to improper attorney collection efforts, and numerous violations of her federally protected interests to be free from harassing and deceptive debt collection conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

27. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

28. Defendant identifies itself as a debt collector, and is engaged in a business the principal purpose of which is the collection of debts.

29. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA § 1692e**

30. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. §1692e(2)(A).

> "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8);
>
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

32. Defendant violated §§ 1692e, e(2)(A), e(8), and e(10) when it re-reported the subject debt despite knowing the nature of Plaintiff's dispute. Defendant was aware of Plaintiff's dispute submitted in March 2021, yet failed to mark the subject debt as disputed when it re-reported the subject debt in September 2021. Furthermore, upon information and belief, Defendant knew, after Plaintiff's March 2021 disputes, that the subject debt was not due and owing by Plaintiff. Nevertheless, Defendant continued its efforts to collect the subject debt from Plaintiff, hoping that its reporting of the subject debt, in conjunction with threatened attorney action, would compel Plaintiff to pay the subject debt despite her lack of obligation thereon. Defendant's conduct both harmed Plaintiff directly, and similarly posed a risk of harm that Plaintiff would be compelled to make payment on a debt which she does not owe.

33. Defendant further violated §§ 1692e(2)(A) and e(10) when it deceptively represented that the subject debt was due and owing by Plaintiff. Through its collection efforts, Defendant represented to Plaintiff that the subject debt was due and owing. However, that was a false representation as Plaintiff does not owe the subject debt.

   b. **Violation of FDCPA § 1692f**

34. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

35. Defendant violated § 1692f by unfairly re-reporting the subject debt without notating its disputed nature.

36. Defendant further violated § 1692f by unfairly subjecting Plaintiff to collection efforts in connection with a debt that was not owed.

WHEREFORE, Plaintiff PAULINA JOVEVSKA, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Awarding Plaintiff injunctive relief enjoining Defendant from further efforts to collect upon the subject debt; and,

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: September 8, 2021                                Respectfully submitted,

s/ Nathan C. Volheim                                    s/Eric D. Coleman
Nathan C. Volheim, Esq. #6302103                        Eric D. Coleman, Esq. #6326734
Counsel for Plaintiff                                   Counsel for Plaintiff
Admitted in the Northern District of Illinois           Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                                Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                     2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                 Lombard, Illinois 60148
(630) 568-3056 (phone)                                  (331) 307-7648 (phone)
(630) 575-8188 (fax)                                    (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                ecoleman@sulaimanlaw.com

s/ Alejandro E. Figueroa
Alejandro E. Figueroa, Esq. # 6323891
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.

2500 South Highland Ave., Suite 200
Lombard, Illinois
(630) 575-8181, ext. 120 (phone)
(630) 575-8188 (fax)
alejandrof@sulaimanlaw.com
Lombard, Illinois
(630) 575-8181, ext. 120 (phone)
(630) 575-8188 (fax)
alejandrof@sulaimanlaw.com